PENINSULAR SAVINGS BANK *v.* UNION TRUST CO.

GARNISHMENT—TRUST PROPERTY.

A debtor conveyed his real estate in trust for his own benefit, the trustee being authorized to sell with the consent of the *cestui que trust.* The trustee, with the consent of the *cestui que trust,* sold part of the land on contract, and subsequently, with like consent, assigned the contract to secure a loan to the *cestui que trust. Held,* that the contract was not taken out of the trust by the assignment, and, being still impressed therewith in the hands of the assignee (who had been substituted for the original trustee by order of court), could not be reached on garnishee process.

Error to Wayne; Rohnert, J. Submitted May 7, 1901. Decided July 2, 1901.

Garnishment proceedings by the Peninsular Savings Bank against the Union Trust Company, as garnishee of William P. Ratigan, the Ratigan Company, and Anton Michenfelder. From a judgment for defendant, plaintiff brings error. Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Russel & Campbell,* for appellee.

Montgomery, C. J. This is an action under the garnishment statute, brought by the plaintiff in error to reach certain personal property belonging to the defendant Anton Michenfelder, in the hands of the garnishee defendant, the Union Trust Company. The facts are agreed upon, and are as follows:

On or about June 1, 1896, the principal defendants became indebted to the amount of $8,000 and over to the plaintiff, the bank relying on certain very valuable real estate held by the defendant Anton Michenfelder. Shortly after this, on June 18, 1896, Michenfelder and wife executed a conveyance of these lands to Robert W. Webb, trustee, but this deed was not recorded until February 2, 1897. The plaintiff thereupon began suit, and, as will be seen, obtained judgment for its claim.

The provisions of the instrument executed by the Michenfelders to Webb, trustee, were that Webb should have possession of the land; that he should rent parts of it, but not for longer than three years without the written consent of the Michenfelders; that the income thus derived should go to the Michenfelders; that Webb should sell the land, or any part of it, when desired by the Michenfelders, and with their approval, to be evidenced by their joining in the deed; and that he should turn over to them the net proceeds from all such sales. The property and income were to go to the survivor on the death of either of the Michenfelders. The trust was to last until all said real estate was sold, or as long as either of the Michenfelders should live; and that, in case of their death, the unsold real estate should go to their children, naming them, so that each should have received an equal share of the estate. Provision was made for a reasonable compensation for the trustee.

August 8, 1899, Webb, as trustee, entered into a land contract for the sale of a portion of the premises conveyed by said trust deed to John Zynda. By the terms of this

land contract, Zynda promised to pay $9,000 in install-
ments of $500 annually. Five hundred dollars has been
paid upon the contract. Shortly after the execution of the
contract between Zynda and Webb, trustee, a loan was
made by the Union Trust Company to the defendant
Michenfelder and his wife, Susanna Michenfelder, per-
sonally, and the land contract pledged as collateral
thereto. The land contract was assigned, for the purpose
of securing said loan, to the Union Trust Company. In
December, 1899, by an order of the Wayne circuit court,
in chancery, the Union Trust Company was substituted
for Webb as trustee under the trust deed, suit having
been begun for that purpose, and the decree in said suit
was entered by the consent of all the parties interested.

On June 19, 1900, a writ of garnishment was issued
from the circuit court of the county of Wayne, and served
upon the Union Trust Company as garnishee defendant,
in a suit then pending, wherein the Peninsular Savings
Bank was plaintiff and William P. Ratigan, the Ratigan
Company, and Anton Michenfelder were defendants.
The Union Trust Company subsequently disclosed that it
held no funds belonging to Anton Michenfelder. Upon
examination of the Union Trust Company in open court it
appears that the Union Trust Company, at the time of the
service of the writ of garnishment, held the land contract
in the manner above set forth, and that there was owing
to it from Michenfelder and wife, on account of said in-
debtedness, the sum of $2,000, $500 of the note having
been paid, and that there was an indebtedness of $137.55
due the Union Trust Company upon an open account be-
tween Michenfelder and the company, for which the trust
company claims a lien upon the said land contract. It
also appears that, before the garnishment proceedings
were begun, Mrs. Michenfelder died. Since the service of
the garnishee summons, the plaintiff, the Peninsular Sav-
ings Bank, obtained a judgment against the principal de-
fendants for nearly $11,000. Before the judgment was
rendered on the garnishment issue, the plaintiff offered, in
open court, to pay the court the sum of $2,750, to insure

the payment of Michenfelder's indebtedness to the Union Trust Company, upon the entry of an order requiring the Union Trust Company, the garnishee defendant, to turn over the land contract in question to a receiver, to be appointed by the court, so that Michenfelder's interest therein might be sold.

The circuit judge held that the plaintiff could not recover against the garnishee. Three reasons were assigned by the court for this ruling, but to us the controlling question appears to be whether the contract was impressed with a trust which cannot be worked out under our statute. 3 Comp. Laws, §§ 10606, 10607. If we assume that the obligation of the vendee to pay the purchase price fixed by a land contract is, in ordinary cases, a chose in action which may be reached by garnishment, it is still a question whether the contract in question is under a trust which cannot be worked out in this proceeding. It is contended by the plaintiff that, on the assignment of the contract to the Union Trust Company by Webb with the consent of the *cestui que trust*, the contract was taken out of the trust, and became the property of Michenfelder. We do not so construe the transaction. The assignment to the Union Trust Company was for a distinct purpose, namely, to secure the payment of $2,500 and interest. The title to the contract, subject only to this lien, remained in Webb as trustee. He did not then part with it, and was only devested of the title when the Union Trust Company was appointed to succeed to the trust. This equity, not transferred, remained in Webb's hands trust property, subject to charges for necessary repairs of the remaining trust property, proper insurance, and necessary expenses of the trust, including reasonable compensation for the trustee. There is no machinery provided for working out such a trust under the garnishment statute. The remedy of the plaintiff should have been sought on the equity side of the court.

Judgment is affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, J., did not sit.